NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001015
11-MAR-2015
08:43 AM

NO. CAAP-13-0001015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRIAN JOSEPH DEVINE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Kona Division)
(CASE NO. 3DTA-13-00375)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

Plaintiff-Appellee State of Hawaiʻi (State) charged Defendant-Appellant Brian Joseph Devine (Devine) by complaint with failing to appear in answer to a citation, in violation of Hawaii Revised Statutes (HRS) § 803-6(e) (2014).[1] The State's complaint alleged as follows:

> On or about the 23rd day of January, 2013, in North Kohala, County and State of Hawaiʻi, BRIAN JOSEPH DEVINE did willfully fail to appear in answer to a citation before the District Court of the Third Circuit, State of Hawaii, thereby committing the offense of Willful Failure to Appear in Answer to Citation, in violation of Section 803-6(e), Hawaiʻi Revised Statutes, as amended.

---

[1] HRS § 803-6(e) provides:

> (e) If a person fails to appear in answer to the citation; or if there is reasonable cause to believe that the person will not appear, a warrant for the person's arrest may be issued. A knowing failure to appear in answer to the citation may be punished by a fine of not more than $1,000 or imprisonment of not more than thirty days or both.

After a bench trial, the District Court of the Third Circuit (District Court)[2] found Devine guilty of the charged offense. The District Court sentenced Devine to a fine of $70 and certain fees, and it entered its Judgment on April 25, 2013.

On appeal, Devine contends that: (1) the charge was "fatally deficient" because it alleged that he committed the offense "willfully" instead of "knowingly"; and (2) there was insufficient evidence to support the District Court's guilty verdict. We affirm.

I.

We resolve Devine's arguments on appeal as follows:

A.

Devine did not object to the charge in the District Court and challenges the sufficiency of the charge for the first time on appeal. We therefore apply the liberal construction standard. See State v. Tominiko, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011). Under this standard, "'we will not [vacate] a conviction based on a defective [charge] unless the defendant can show prejudice or that the [charge] cannot within reason be construed to charge a crime.'" Id. (quoting State v. Motta, 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983)).

We conclude that Devine's charge was sufficient under the liberal construction standard. The common meaning of "willfully" is broad enough to include a "knowing" mental state,[3] and the word "willfully" can be used as a synonym for the word "knowingly."[4] Indeed, HRS § 702-210 (2014) specifically

---

[2] The Honorable Melvin H. Fujino presided.

[3] See Dictionary.com, http://dictionary.reference.com/browse/willful (defining "willful" as "deliberate, voluntary, or intentional") (last visited Mar. 9, 2015); Moore v. State, 676 So.2d 244, 246 (Miss. 1996) (stating that "it is inconceivable that an act willfully done is not also knowingly done" (internal quotation marks, citation, and brackets omitted)).

[4] See Merriam-Webster.com, http://www.merriam-webster.com/thesaurus/willfully (identifying "knowingly" as a synonym for "willfully." (last visited Mar. 9, 2015).

provides: "A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the elements of the offense, unless a purpose to impose further requirements appears."

The legislative history of HRS § 803-6(e) confirms the Legislature's intent that the terms "wilfully" and "knowingly," as applied to the HRS § 803-6(e) offense, would basically be construed as functional equivalents. The statute was amended in 2002 to substitute the words "a knowing" for "wilful." 2002 Haw. Sess. Laws Act 71, § 1 at 213. In explaining the amendment, which was intended to "clarify the offense of wilful failure to appear in answer to a citation," the House Committee on Judiciary and Hawaiian Affairs stated: "Your Committee finds that pursuant to section 702-210, Hawaii Revised Statutes, where an offense is required to be committed wilfully, the requirement is satisfied if the person acted knowingly with respect to the elements of the offense." H. Stand. Comm. Rep. No. 1396, in House Journal at 1752.

Accordingly, we conclude that the State's use of the term "willfully" instead of "knowingly" did not render the charge insufficient as it clearly can, within reason, be construed to charge the HRS § 803-6(e) crime. See Tominiko, 126 Hawai'i at 76, 266 P.3d at 1130. Although Devine contends that the use of "willfully" instead of "knowingly" in the charge prejudiced him, he fails to show or explain why this is so. We conclude that the charge gave Devine fair notice of the nature and cause of the accusation against him, and that Devine's claim that the charge was insufficient under the liberal construction standard is without merit.

B.

When viewed in the light most favorable to the State, there was sufficient evidence to support the District Court's verdict. The evidence showed that Devine was cited by a police officer for driving without insurance; that the citation informed Devine that he was required to appear in South Kohala District

Court on January 23, 2013 at 8:30 a.m.; that Devine signed the citation, agreeing to appear before the District Court on the date, time, and location noted on the citation; that the citing officer also verbally advised Devine of the date and time he was required to appear in court; that Devine was physically capable of appearing in court; and that Devine failed to appear as required by the citation. "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996). Moreover, Devine's credibility was in issue at trial, and the credibility of witnesses is the province of the trier of fact. State v. Jenkins, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000). We conclude that there was substantial evidence to support the District Court's guilty verdict.

II.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, March 11, 2015.

On the briefs:

Tyler I. Gomes
Deputy Public Defender
for Defendant-Appellant

Terri L. Fujioka-Lilley
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lisa M. Ginoza*

Associate Judge

4